# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

ROBBIE O. MITCHELL,

                                        Plaintiff,

          -v.-

                                                        5:17-CV-546
SUNY UPSTATE MEDICAL                                    (MAD/ATB)
UNIVERSITY, et al.,

                                        Defendants.

ROBBIE O. MITCHELL, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"). The complaint alleges employment discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (Complaint ("Compl.")) (Dkt. No. 1).

## I.  **IFP Application**

A review of plaintiff's IFP application shows that plaintiff declares he is unable to pay the filing fee. (Dkt. No. 2). However, he has failed to properly complete the form application, and this court cannot determine whether plaintiff is financially eligible to proceed without payment of fees. The form-application asks whether plaintiff has received any money in the past twelve months from a variety of sources. (Dkt. No. 2 at ¶ 3). The form states that "[i]f the answer to any of the above is "Yes," describe on the following page, each source of money and state the amount received and what you expect you will continue to receive." (*Id.*) Plaintiff has checked the box stating that he has received money from "[a]ny other sources," (*Id.* ¶ 3(d)), but did not provide any of the supporting details. Thus, the court has no idea how much money

plaintiff may have received from what other sources, and what plaintiff might expect to receive in the future. Without this information, the court cannot make a determination of whether plaintiff meets the financial criteria for proceeding IFP.

Plaintiff's IFP application could be denied on this basis alone. Generally, when the court denies an IFP application on such a basis, the court allows the plaintiff to submit a properly completed form so that a determination may be made regarding eligibility. In this case, a review of plaintiff's complaint shows that it also fails to state a claim and may be dismissed on that basis as well. However, as discussed below, I am recommending dismissal without prejudice. If the court adopts this recommendation, and affords plaintiff the opportunity to amend, plaintiff must also be ordered to submit a properly completed IFP application.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been

served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.  Facts

Plaintiff states that he worked for defendant SUNY Upstate Medical University. (Compl. generally). Plaintiff states that on September 22, 2014, "in retaliation," defendant Reed, the manager of Equipment Services, violated "the contract articles" by "verbally assaulting" plaintiff, causing plaintiff to become "disabled and unable to work from an occupational injury." (Compl. ¶ 6(1)). Plaintiff alleges that there was no reason for Mr. Reed to treat him in this manner, and Mr. Reed only wished to elicit a "negative reaction" that he could use against plaintiff at a later date.

Approximately one year later, defendant Mazzone[1] informed plaintiff in a letter the he was being terminated "due to a non-occupational disability in accordance with

---

[1] Plaintiff states that Ms. Mazzone is the "Leave Coordinator" at SUNY Upstate. (Compl. ¶ 3(b)).

Section 73 of the Civil Service Law." (Compl. ¶ 6(3)).  His employment was terminated effective September 23, 2015. (*Id.*)  Defendant Mazzone also informed plaintiff that he had the right to apply for restoration or write a letter stating why he believed that he should not be terminated. (*Id.*)  However, plaintiff alleges that Ms. Mazzone neglected to inform plaintiff that he was entitled to a hearing to contest any of the facts found in justification of his termination. (Compl. ¶ 6(4)).

Plaintiff states that on September 23, 2015, he was "wrongfully terminated by Ms. Mazzone." (Compl. ¶ 6(5)).  Plaintiff has filed his Right-to-Sue Letter, and he has also filed the decision of the New York State Division of Human Rights "after investigation." (Compl. CM/ECF pp.8-9).  Plaintiff seeks monetary damages and reinstatement as a state worker. (Compl. ¶ 7).

## III.  ADA Claims

### A.  The Individual Defendants

In this case, plaintiff has sued SUNY Upstate and appears to have attempted to name both Mr. Reed and Ms. Mazzone as defendants.  However, individuals cannot be held liable under the ADA. *Baross v. Greenlawn*, No. 16-CV-4805, 2017 WL 2124424, at *4 (E.D.N.Y. May 15, 2017) (citing *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (holding that Title II of the ADA does not provide for suits against individuals); *Fox v. State Univ. of N.Y.*, 497 F. Supp. 2d 446, 449 (E.D.N.Y. 2007) ("[T]here is no individual liability under Title I or Title II of the ADA, or the ADEA."); *Sutherland v. New York State Dep't of Law*, No. 96 Civ. 6935, 1999 WL 314186, at *7 (S.D.N.Y. May 19, 1999) ("Individual defendants may not be held personally liable for alleged violations of the ADA . . . .") Thus, plaintiff's claim against defendants Reed and Mazzone may be dismissed.

4

## B.     Retaliation Claims

To the extent that SUNY Upstate would be held liable for the individual defendants' actions, the court would point out that Mr. Reed is alleged to have "caused" plaintiff's disability.  Although plaintiff states that defendant Reed yelled at plaintiff "in retaliation," plaintiff does not state why Mr. Reed was "retaliating" against plaintiff. In order to state an ADA claim for retaliation, an adverse action must be in retaliation for making a claim under the ADA or opposing any act or practice made unlawful by the law. 42 U.S.C. §12203(a).  Plaintiff does not allege that Mr. Reed retaliated against him for complaining about discrimination or for opposing any practice made unlawful by the ADA.[2]

Ms. Mazzone is alleged to have unlawfully terminated the plaintiff.  However, there is no indication that plaintiff claims that Ms. Mazzone was "retaliating" against him for asserting claims under the ADA.  Thus, any retaliation claims against SUNY Upstate may be dismissed.

## C.     Discrimination Claim

### 1.     Legal Standards

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA defines discrimination on the basis of disability as, among other things, "limiting, segregating, or classifying a[n] . . . employee in a way that adversely affects the

---

[2] Plaintiff does not allege that Mr. Reed was involved in plaintiff's termination.

5

opportunities or status of such applicant or employee because of the disability of such . . . employee." 42 U.S.C. § 12112.

In order to state a claim for disability discrimination, plaintiff must show that (1) the employer is subject to the ADA; (2) the plaintiff was a person with a disability within the meaning of the ADA; (3) the plaintiff was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) the plaintiff suffered an adverse employment action because of his disability. *Vale v. Great Neck Water Pollution Control Dist.*, 80 F. Supp. 3d 426, 433 (E.D.N.Y. 2015) (citations omitted).

## 2. Application

Plaintiff appears to allege that his disability, described in the complaint (at ¶ 4) as Posttraumatic Stress Disorder, began on September 22, 2014, when Mr. Reed yelled at him. Plaintiff states that he became "unable to work" from his "occupational injury." If plaintiff was "unable to work," he has not met one of the elements of a violation of the ADA which requires that the plaintiff was "otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation."

Plaintiff states that he was terminated one year later on August 25, 2015, pursuant to New York Civil Service Law § 73. (Compl. ¶ 6(3). This section of the New York Civil Service Law provides, in pertinent part, that

> When an employee has been continuously absent from and unable to perform the duties of his position for one year or more **by reason of a disability, other than a disability resulting from occupational injury or disease as defined in the workmen's compensation law,**[1] his employment status may be terminated and his position may be filled by a permanent appointment. Such employee may, within one year after the termination of such disability, make application to

6

> the civil service department or municipal commission having
> jurisdiction over the position last held by such employee for a
> medical examination to be conducted by a medical officer
> selected for that purpose by such department or commission.
> If, upon such medical examination, such medical officer shall
> certify that such person is physically and mentally fit to
> perform the duties of his former position, he shall be
> reinstated to his former position, if vacant, or to a vacancy in a
> similar position or a position in a lower grade in the same
> occupational field in his former department or agency.

N.Y. Civ. Serv. Law § 73 (emphasis supplied; footnote omitted).[3]  Plaintiff

acknowledges he was given the opportunity to "apply for restoration or write a letter"

explaining why he should not be terminated.  Plaintiff never claims to have asked for

any accommodation, reasonable or otherwise, and he does not state that he applied for

restoration and was refused.   Nor does plaintiff allege that he argued, to his employer,

that section 73 was inapplicable to his situation.  Instead plaintiff alleges that Ms.

Mazzone failed to explain to plaintiff that he was entitled to "a hearing."  These

allegations do not state a viable claim for disability discrimination under the ADA.

## IV.    **Opportunity to Amend**

### A.    **Legal Standards**

Based on the analysis above, this court will recommend dismissal of the entire

complaint. Generally, when the court dismisses a pro se complaint *sua sponte*, the court

should afford the plaintiff the opportunity to amend at least once, however, leave to

re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer*

---

[3] The rest of section 73 discusses the right of the employee "[i]f no appropriate vacancy shall exist to which such reinstatement may be made, or if the work load does not warrant the filling of such vacancy . . ."

*& Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B.      Application

Because, as discussed above, individuals cannot be the subject of a claim under the ADA, the claims against defendants Reed and Mazzone should be dismissed with prejudice. As the complaint is written, plaintiff has failed to state a claim under the ADA against SUNY Upstate. Although this court has serious doubts whether plaintiff can amend his complaint to allege disability discrimination, in an abundance of caution, the court will recommend dismissal without prejudice to plaintiff submitting a proposed amended complaint within thirty (30) days of any District Court order approving this recommendation. Any proposed amended complaint must be a ***complete pleading*** which includes all of plaintiff's claims for relief and may ***not*** incorporate facts by reference. Any proposed amended complaint shall not include Mr. Reed and Ms. Mazzone as defendants on any ADA claims. If plaintiff seeks to amend his complaint, he shall submit a complete IFP application, including the critical missing information described above.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2), is **DENIED WITHOUT PREJUDICE**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) **WITH PREJUDICE** as against defendants

**Reed** and **Mazzone** based on failure to state a claim, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to defendant SUNY Upstate, and it is

**RECOMMENDED**, that if the district court adopts this Order and Report-Recommendation, plaintiff be allowed the opportunity to submit a properly completed application to proceed IFP, together with a proposed amended complaint within thirty (30) days of the court's approval order, and it is

**RECOMMENDED**, that if plaintiff fails to file a proposed amended complaint together with a new IFP application within thirty (30) days from the date of the court's order approving this recommendation or within the expiration of any requested extension of time to do so, the complaint be dismissed **with prejudice**, and it is

**RECOMMENDED**, that if plaintiff files a proposed amended complaint together with the new IFP application within the appropriate time, the court order the Clerk to send the proposed amended complaint to me for review, and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report Recommendation on the plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary*

*of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 6(a), 6(e), 72.


Dated:  May 22, 2017


Hon. Andrew T. Baxter
U.S.  Magistrate Judge